UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:15-CR-60147-DTKH

UNITED STATES OF AMERICA

v.

AARON DOMINICK BARR,

_____ /

NOTICE OF OBJECTION TO PRESENTENCE INVESTIGATION REPORT

The Defendant, AARON DOMINICK BARR, by and through the undersigned counsel, hereby files this, his Notice of Objection to the Draft Presentence Investigation Report ("PSI"), submitted to the undersigned on December 3, 2015, and in support thereof, would show:

1. The Defendant would object to Paragraph 9 of the PSI. More specifically, in reciting the facts of the case, the PSI claims that "The Defendant's IP address was used to connect to the unemployment insurance claims program about 1,049 times." The undersigned was unable to find where this number came from or how the probation office determined this fact. In reviewing the discovery that was sent to the undersigned, the undersigned could not find this number anywhere, nor has this fact been stipulated to by either side in the plea agreement and factual proffer which was submitted to – and verbally averred to (by the defendant) – the court during the plea hearing. The defendant believes that there is nothing within the facts of the case to verify this number and believes that this number makes it appear as though the defendant committed this crime 1,049 times when this was neither borne out by the

1

discovery, nor agreed to between the parties. Moreover, in reviewing the discovery with the probation office, the undersigned pointed out that a number of the "incidents" within the government's discovery appear to be "repeat" instances[1], and therefore, the number of "times accessed" appears to be inflated in comparison to the number of claims actually filed. In an effort to settle this issue prior to filing the instant memorandum, the undersigned reached out to Probation Officer Joe Suarez, but Mr. Suarez was also unable to ascertain where this number came from by the time that the undersigned filed this Notice of Objections. As such, the defendant believes that there is no factual basis for this fact and that this should be stricken from Paragraph 9.

2. The Defendant objects to Paragraph 14 of the PSI. More specifically, the Defendant has fully accepted responsibility for his involvement in this crime, has completely and truthfully admitted to his involvement in the crime (during the plea hearing) and notified the Government that the Defendant would be assisting authorities in the investigation and prosecution of his own conduct by immediately notifying authorities of his intention to enter a plea of guilty after authorities executed the search warrant at his home, long before the investigation was completed and without insisting on an indictment. Moreover, the undersigned personally explained to the probation office – during the PSI – that the defendant fully and completely admitted his role in the case, accepted responsibility in the case, and is remorseful for his

---

[1] E.g., numerous claims in the government's discovery showed multiple instances of "access" by the defendant's computer/IP address for a single victim. However, a close inspection of each instance revealed that the "times of access" by the defendant's IP address were at the exact same time (sometimes, as many as 8 or 9 times).

conduct. At that time, the undersigned asked if there was anything needed in addition to the complete allocution which occurred during the plea hearing, and the undersigned was not told of the need for any additional "acceptance of responsibility" statement. Additionally, the defendant has now also provided a complete verbal, as well as a typed and signed, acceptance of responsibility statement to the probation office in which the defendant fully admits to his involvement in the crime, explains his remorse for his having committed these crimes, his acceptance of responsibility for the consequences, and his hope that he may right his wrong by making restitution. As such, the Defendant objects to the characterization that the Defendant has not accepted responsibility in this case, and believes that this paragraph should be corrected to reflect the above-mentioned facts.

3. The Defendant objects to Paragraph 23 of the PSI for the reasons mentioned in Paragraph 2, *supra*.

4. The Defendant objects to Paragraph 33 of the PSI. Particularly, the Defendant objects to the characterization that his father died of a gunshot wound. As explained during the presentence investigation meeting with Probation Officer Suarez, the Defendant's father did not die of a gunshot wound (which seems to imply some sort of strange accident with a gun, or hunting accident). Rather, as was explained to the probation office, his father was murdered by his then wife – Janet Barr. As was also explained during the aforementioned meeting, Janet Bar is currently being prosecuted by the Miami-Dade State Attorney's Office under case F11-016175A for his father's murder. Additionally, the characterization that the Defendant "was raised by a single

3

mother" is equally inaccurate. The Defendant explained that he was raised by his mother and father until his father was murdered. It was only after his father's unfortunate death that the defendant was raised by his mother, alone. The Defendant respectfully requests that the PSI accurately reflect the circumstances of the Defendant's upbringing as it was detailed during the presentence investigation meeting.

5. The Defendant has no other objections to the PSI, and believes that Officer Suarez did a thorough and complete job. Any further commentary regarding reasons for a departure from the guideline sentence will be addressed in the Defendant's forthcoming Sentencing Memorandum.

WHEREFORE, the Defendant hereby files his objections to the Presentence Investigation Report.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 17, 2015, the undersigned attorney electronically filed the foregoing Notice of Objections to PSI with the Clerk of the Court using CM/ECF and forwarded a true and correct copy of this Notice to Joe Suarez, U.S. Probation Officer, Flagler Center Building, 501 South Flagler Drive, Suite 400, West Palm Beach, FL 33401.

By: /s/ *Sean T. Marcus*
SEAN T. MARCUS, Esquire
Glantzlaw
7951 S.W. Sixth Street, Suite 200
Plantation, Florida 33324
Telephone No.: (954) 424-1200
Fax No.: (954) 424-4091
Florida Bar No.: 56289
smarcus@glantzlaw.com